## SAGARDIA v. STOCKGROWERS' & RANCHERS' BANK

No. 2811

March 1, 1929.                    274 P. 811.

*James T. Boyd,* for Appellant:

*Ayres & Gardiner*, for Respondent:

## OPINION

By the Court, SANDERS, J.:

The plaintiff, John Sagardia, sued the Stockgrowers'
& Ranchers' Bank of Reno, herein called Stockgrowers'

Bank, and made the Scheeline Banking & Trust Company a party. The action was brought on March 8, 1927, for an alleged balance of savings account with the Stockgrowers' Bank, amounting to $4,428.51. The Scheeline Banking & Trust Company was made a party defendant, presumably upon the allegation contained in plaintiff's complaint to the effect that on December 31, 1923, the said bank purchased all the assets of the Stockgrowers' Bank and assumed all the liabilities of the seller to its depositors. The case comes before us upon appeal from the judgment in favor of the plaintiff and against the Stockgrowers' Bank for the sum of $5,398.23, and from an order denying and overruling its motion for new trial. The Scheeline Banking & Trust Company being out of the case on appeal, the parties herein will be designated as in the trial court.

The complaint alleges, and the answer of the defendant admits, the allegation contained in the complaint that at various and divers times between about the 21st day of December, 1917, and June 6, 1919, plaintiff deposited with said defendant, Stockgrowers' & Ranchers' Bank of Reno, various and divers sums of money, which said last-named defendant received from plaintiff, and, in accordance with its rules and regulations, agreed to keep for plaintiff, subject to his right to withdraw the same, and to pay him interest on all such sums at the rate of 4 per cent per annum compounded semiannually upon the first days of January and July of each year.

The complaint alleges generally, and the answer of the defendant admits, that at the time said deposits were made, they were made in accordance with the rules, conditions, and regulations published and printed in a depositor's pass book issued to each depositor and made a part of the contract between the plaintiff and the defendant.

The complaint alleges, and the answer of the defendant admits, rule 13 of said rules and regulations inserted in the complaint in respect to interest.

The complaint alleges, and the answer of the defendant admits, that rule 5 of said rules reads, in part, as

follows: "When an account is closed the bank book shall be returned to the bank."

The answer of the defendant alleges: "That on the 23d day of August, 1922, one John Sagardia had on deposit in the savings department of the defendant, Stockgrowers' and Ranchers' Bank of Reno, the sum of $4,428.51. That on the said 23d day of August, 1922, the said sum of $4,428.51 was paid to the depositor and the said account was closed upon the books of the defendant."

The plaintiff filed a reply to the defendant's answer and denied the averment of payment and reiterated his prayer for judgment.

Upon the issues thus framed, the action was tried to the court without a jury. Findings of fact and conclusions of law were entered in accordance with the court's decision. All the allegations of the complaint were found to be true and that the sums deposited by plaintiff with defendant, together with interest thereon, aggregated the sum of $4,428.51 on June 30, 1922, and that said deposits with interest to July 1, 1927, amounted to $5,398.23. In accordance with its findings of fact and conclusions of law, judgment was rendered against the defendant for the amount stated.

Counsel for the plaintiff takes the position on appeal that, upon the issues as framed by the pleadings, the controversy between the parties is as to whether the defendant on the 23d day of August, 1922, or upon any other date, paid to plaintiff said balance of savings account, amounting to $4,428.51, or any part thereof. Counsel for the defendant takes the position that the immediate question presented by the appeal is whether, upon the record before us, the plaintiff is entitled to recover.

Error is assigned to the trial court admitting in evidence plaintiff's "pass book" over the defendant's objections. The greater part of the brief of counsel for the defendant is confined to the discussion of the alleged error. The ground of objection to the admission of the pass book was that it was not in the same condition it

was in when issued by the defendant to the plaintiff, in that there appears an erasure on the line immediately following the last entry made in the book on June 30, 1922, showing said balance of $4,428.51. The book is made a part of the record and was brought here for our own examination and inspection to determine whether the erasure destroyed the book as evidence. Counsel argues with considerable force that the admission of such a book as evidence would open a door to frauds and perjuries and place books, evidently fair, on the same footing with those fabricated for a particular purpose, and that to allow such a book to be admitted in evidence would subject this sort of evidence to the danger of great abuse, and tempt dishonest men to commit fraud by altering books, so as to adapt them to circumstances. It is further argued that if the book in question, in its erased condition, be considered as proof of its contents, it would leave banks completely at the mercy of any person who would present an altered pass book and explain the alteration by saying, "I didn't know anything about it." We appreciate the argument, but under the particular facts and circumstances of this case, the argument is not persuasive.

A book materially erased and altered cannot go to the jury unless the party offering it explains the erasures or alterations. Otherwise, however, of immaterial alterations. Abbott's Proof of Facts (3d ed.) 84. It is our understanding that the erasure had to be explained to the reasonable satisfaction of the judge before the book could be admitted in evidence. The Modern Law of Evidence, Chamberlayne, vol. 4, sec. 3103. The record discloses that when the book in question was offered, it was exhibited to the court below and was considered admissible in evidence if the erasure appearing thereon was explained. The findings of fact of the trial court are silent as to the explanation given of the erasure, and we must infer that the court determined that the book was not only competent to be admitted in evidence and, sitting as a jury, it passed on the credit to be given the book in its erased condition. The court

# 306

was the proper judge of its weight, as all other evidence laid before it. We find no error in the court's ruling.

It is contended on the part of the defendant that the evidence is insufficient to support or maintain the judgment.

The facts are simple and undisputed. The evidence is clear and points to but the single conclusion that the balance of plaintiff's account on deposit with the defendant bank was not paid as alleged in its answer, or at all, and that the plaintiff was entitled to recover as adjudged by the trial court.

The judgment and the order appealed from are affirmed.